ACCEPTED
14-15-00396-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/7/2015 9:31:47 AM
CHRISTOPHER PRINE
CLERK

IN THE COURT OF APPEALS
FOR THE 14TH JUDICIAL DISTRICT OF TEXAS
HOUSTON, TEXAS

_____

No. 14-15-00396-CV

_____

JARED WOODFILL AND F.N. WILLIAMS, SR.
Appellants,

v.

ANNISE D. PARKER, MAYOR; ANNA RUSSELL, CITY SECRETARY; AND
THE CITY OF HOUSTON, TEXAS.
Appellees.

_____

On Appeal from the 152nd Judicial District Court of Harris County, Texas
Trial Court Cause No. 2014-44974

_____

**APPELLANTS' REPLY TO APPELLEES' RESPONSE TO EMERGENCY
MOTION FOR EXPEDITED
BRIEFING SCHEDULE AND DECISION**

TO THE HONORABLE JUSTICES OF THIS COURT:

COME NOW, Jared Woodfill and F.N. Williams, Sr. (hereinafter "Appellants") in the above-referenced matter and file this Reply to Appellees' Response to Emergency Motion for Expedited Briefing Schedule and Decision and, as such, will show as follows:

1

## I.    FACTS

1.    This case was tried in front of a Jury in late January, 2015.  After numerous post-trial hearings, Judge Robert Schaeffer signed a Final Judgment on April 17, 2015 that determined that Appellants fell short of the minimum required number of signatures by a little more than 500 signatures.  A copy of the Court's Final Judgment is attached hereto as Exhibit 1.

2.    A representative copy of a single page from the Referendum Petition is attached hereto as Exhibit 2.  Under the Houston City Charter, registered voters living within the City of Houston are supposed to sign at the top of the page.  The person who gathers those actual signatures—called a "Circulator"—is required to sign an oath at the bottom of the same page.

3.    Because the Court's final signature count is so very close to the required minimum number, the Court's determination that the Referendum Petition is not valid will be reversed if even just one of the Court's many legal rulings is erroneous.  For example, in many instances, a Circulator signed the Circulator Affidavit with an illegible signature, which is often the case when it comes to a person's own handwriting.  But the Court erroneously held that, because some of the Circulators' signatures were not legible, then the legal consequence would be that over five thousand otherwise-valid registered voter signatures, who validly signed at the top of the page, could not be counted.  The Court reached this

incorrect ruling on the basis that the Circulator who gathered those signatures signed their name illegibly when they signed their oath at the bottom of each page. As will be shown by the Appellants in their appellate briefing, there is no legal basis whatsoever to justify this ruling. Legibility is not a requirement for voting. And the constitutional right to vote may not be taken away based upon poor handwriting. Nor is it a requirement for the validity of the Circulator's work. Indeed, each of these disqualified Circulators signed their Circulator Oath before a notary public. The notary public required each Circulator to show a valid form of identification, had them sign the notary book, and then affixed their notary seal and stamp and signature thereon the bottom of the same page where the Circulator signed. So even if a particular Circulator signed illegibly, there would be no question as to the identity of that particular signer of the Referendum Petition.

4. Another example of legal error is the Court's confusion over the difference between voter signatures at the top of the page with a Circulator's signature at the bottom of that same page. As can be seen from Exhibit 2, each Circulator must sign an oath at the bottom of the page of the Referendum Petition. In addition, each Circulator must swear under oath that he/she signed the Referendum Petition as a voter at the top of the page. Because a Circulator may act as a Circulator as often as they would like, there are some Circulators who signed a Circulator Oath at the bottom of over a hundred pages of the Referendum

3

Petition. Unlike a Circulator, however, a voter may **not** sign the Referendum Petition as often as they would like. To the contrary, the Houston City Charter only permits a registered voter to sign as a voter at the top of the page just one time. This, the Circulator's Oath at the bottom of the page requires that each particular Circulator sign—one time—at the top of the page as a voter.

5. But the Court ruled that none of the otherwise-valid registered voter signatures at the top of the page could be counted if the Circulator in question signed the top of the page in an invalid fashion. For example, if the voter signature could not be counted because the voter forgot to list the date of their signature, or signed it too early to be counted (the valid start/stop timeframe for signature was June 3-July 3 of 2014, but some people signed prior to June 3), or failed to list their voter certificate number, etc., then the Court ruled that the voter had not "validly signed" the Referendum Petition. This ruling is dead wrong, and mixes up the two types of signatures on the document. In these examples, there is absolutely nothing wrong with the Circulator's signature at the bottom of the page. And the Circulators' Oath, which says that they are "one of the signers of the above petition" (as opposed to swearing that they are a "valid signer"), is 100% true and correct in all respects. Thus, there is no valid basis to argue that the Circulator's Oath is false and then contend that all of that particular Circulator's work of gathering otherwise-valid registered voter signatures should be tossed out. To the

4

contrary, *the only impact of a Circulator's signature at the top of the page being invalid is that one single signature may not be counted.* Nothing more, nothing less. This error alone will flip the outcome in this case.

6.  Third, the City failed to determine the voter registration status of the more than 54,000 citizen signers on the Referendum Petition. And, to compound that error, the City looked at the current addresses of various signers as of April of 2015, rather than the addresses on the Referendum Petition itself back in July of 2014. As is common, thousands of voters have moved from inside the City of Houston to outside the City of Houston in the past ten months. Just this mistake alone would flip the result.

7.  Accordingly, it is critical that the Court review and decide this case in time for the upcoming election cycle. Indeed, the issues raised in this appeal, if accepted by this Court, will result in the potential calling of an election to occur in November, 2015 on whether the ERO should be repealed by the voters. The statutory deadline for the City of Houston to call an election is August 18, 2015. However, prior to an election being called by the City, the Houston City Charter requires the Houston City Council to determine, as a political matter, whether it will simply repeal the ERO in its entirety. Doing so would obviate the need for an election, but that political process could take an additional couple of weeks or perhaps longer. Therefore, in order for Appellants' request that an election be held

this calendar year not to become moot by the mere passage of time, Appellants' appeal need to be briefed and decided in this Honorable Court of Appeals by May 31, 2015 and briefed and decided in the Supreme Court by June 30, 2015. That expedited timeframe would then give the Trial Court enough time in the month of July to sort out any remand issues and order the Appellees' to perform their duties under the Houston City Charter, and it would provide enough time for the Houston City Council to reconsider the ERO, and it would also provide enough time for the City to order an election by August 18, 2015 for an election to be held in November. As such, it is absolutely essential that in order to protect this Court's jurisdiction and to prevent this aspect of Appellants' claim from becoming moot, Appellants seek an Expedited Briefing Schedule and Decision as explained above.

8. Although Appellants' proposed deadlines are brisk, they are no more brisk than has traditionally been allowed in redistricting litigation, and the undersigned has had more than three decades of experience in the context of expedited briefing in that context. Furthermore, the burden is heavier on Appellants' counsel than it is on opposing counsel, as throughout this litigation Appellants have only had one lawyer, while the Appellees have had in excess of 15 active lawyers from three major law firms, as well as the entire Houston City Attorney's Office, working on this case.

9. The Appellees' suggestion that there is no justiciable interest in a prompt election is wrong. As the Texas Supreme Court has observed, "[e]lection results are often influenced by unique and complex factors existing at a particular point in time, and those who petition for an election may have strong reasons for desiring a particular election date." *Blum v. Lanier*, 997 S.W.2d 259 (Tex. 1999).

## II. Prayer

For the foregoing good cause, Appellants Jared Woodfill and F.N. Williams, Sr. seek an Expedited Briefing Schedule and Decision in this matter.

Respectfully Submitted,

ANDY TAYLOR & ASSOCIATES, P.C.

BY: /s/ Andy Taylor
Andy Taylor
State Bar No. 19727600
Amanda Peterson
State Bar No. 24032953
2668 Highway 36S, #288
Brenham, Texas 77833
713-222-1817 (telephone)
713-222-1855 (facsimile)
ataylor@andytaylorlaw.com
apeterson@andytaylorlaw.com

ATTORNEYS FOR JARED WOODFILL,
AND F.N. WILLIAMS, SR.

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached document was served via email on the 6th day of May, 2015 to the following attorneys.

SUSMAN GODFREY L.L.P.
Geoffrey L. Harrison
gharrison@susmangodfrey.com
State Bar No. 00785947
Alex Kaplan
akaplan@susmangodfrey.com
State Bar No. 24046185
Kristen Schlemmer
kschlemmer@susmangodfrey.com
State Bar No. 24075029
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

CITY OF HOUSTON LEGAL DEPARTMENT
Donna L. Edmonson
Judith L. Ramsey
James Martin Corbett
Patricia L. Casey
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone: (832) 393-6412
Facsimile: (832) 393-6259
Donna.Edmundson@houstontx.gov
Jim.Corbett@houstontx.gov
Judith.Ramsey@houstontx.gov
Pat.Casey@houstontx.gov
Attorneys for Annise D. Parker, Mayor

HAYNES AND BOONE, LLP
Lynne Liberato
State Bar No. 00000075
Kent Rutter
State Bar No. 00797364
William Feldman
State Bar No. 24081715
Katie Dolan-Galaviz
State Bar No. 24069620
1221 McKinney, Suite 2100
Houston, Texas 77010-2007
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Lynne.Liberato@haynesboone.com
Kent.Rutter@haynesboone.com
william.feldman@haynesboone.com
katie.dolan-galaviz@haynesboone.com
Appellate Attorneys for All

Defendants

FULBRIGHT & JAWORSKI LLP
Edward B. "Teddy" Adams, Jr.
State Bar No. 00790200
Andrew Price
State Bar No. 24002791
Seth Isgur
State Bar No. 24054498
Geraldine W. Young
State Bar No. 24084134
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
Teddy.Adams@nortonrosefulbright.com
Andrew.Price@nortonrosefulbright.com
Seth.Isgur@nortonrosefulbright.com
Geraldine.Young@nortonrosefulbright.com
Attorneys for Anna Russell, City Secretary

/s/ Andy Taylor_____

| JARED WOODFILL, F.N. WILLIAMS, SR., | § | IN THE DISTRICT COURT OF |
| AND MAX MILLER | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANNISE D. PARKER, MAYOR, | § | |
| ANNA RUSSELL, CITY SECRETARY, | § | |
| AND CITY OF HOUSTON | § | 152ND JUDICIAL DISTRICT |

## FINAL JUDGMENT

1.     On January 26, 2015, this Court called this case for trial.  Plaintiffs Jared Woodfill, F.N. Williams, Sr., and Max Miller each appeared in person and/or through their attorneys and announced ready for trial.  Each of the Defendants appeared in person and/or through its attorneys and announced ready for trial.  The Court impaneled and swore in the Jury, which heard the evidence and arguments of counsel.  The Court submitted questions, definitions and instructions to the Jury.  On February 13, 2015, the jury returned its verdict and the Court accepted it.  The questions submitted to the Jury and the Jury's findings are attached as Exhibit "A" and incorporated into this Judgment by this reference.

2.     For the reasons stated in Paragraphs (a)(1)(A), (a)(1)(B), (a)(1)(C), (a)(2), (a)(3), (a)(4) and (a)(5) of the Court's previous Order dated February 20, 2015, which is attached as Exhibit "B" and incorporated into this Judgment by this reference, the Court disregards the Jury's findings in response to Jury Question 1 on the basis that said findings are legally immaterial.

3.     For the reason stated in Paragraph (b) of the Court's previous Order dated February 20, 2015, which is attached as Exhibit "B" and incorporated into this Judgment by this reference, the Court disregards the Jury's findings in response to Jury Question 2 on the basis that said findings are legally immaterial.  Because the Court disregards the Jury's finding in response to Jury

Question 2, the Court likewise disregards the Jury's finding in response to Jury Question 3, as such finding is legally immaterial.

4. For the reason stated in Paragraph (c) of the Court's previous Order dated February 20, 2015, which is attached as Exhibit "B" and incorporated into this Judgment by this reference, the Court accepts the findings of the Jury in response to Jury Question 4.

5. The Court accepts the findings of the Jury in response to Jury Question 5.

6. For the reason stated in Paragraph (d) of the Court's previous Order dated February 20, 2015, which is attached as Exhibit "B" and incorporated into this Judgment by this reference, the Court accepts the findings of the Jury in response to Jury Question 6.

7. In addition to the findings above, the Court also found that regarding the petitions of circulators who either did not sign the petition or whose signature was invalidated, the signatures on those petitions shall not be valid.

8. Further, and prior to the commencement of the jury trial, the Court granted partial summary judgment on February 4, 2015. Said ruling is attached to this Judgment as Exhibit "C" and is incorporated into this Judgment by this reference. As demonstrated therein, the Court found that the following pages and/or signatures could not be legally counted as follows:

(a) Pages where the circulator's affidavit was not notarized.

(b) Pages where the circulator notarized his or her own affidavit.

(c) Pages where the circulator's name is illegible.

(d) Signatures that were crossed-out or withdrawn before the petition was submitted cannot be counted as legally valid signatures under Texas Election Code § 277.022(a).

(e) Signatures that pre-date June 3, 2014, the first day people lawfully could sign the petition under the City Charter.

(f) Signatures added after the circulator signed the verification.

2

(g)     Signatures of the same person that appear more than once.

9.     The Court further finds that the minimum number of required signatures on the Referendum Petition is 17,249.

It is, therefore, ORDERED, ADJUDGED AND DECREED that after applying all of the findings of the Jury and the rulings of the Court, the Court enters this Final Judgment in favor of the Defendants, as the final tally of valid signatures on the Referendum Petition is 16,684 which does not exceed the minimum number of required signatures. The Court therefore finds as a matter of fact and as a matter of law that the Referendum Petition is not valid or enforceable in all respects.

It is further ORDERED, ADJUDGED AND DECREED that all relief requested by Plaintiffs, whether legal or equitable, is hereby denied and that Plaintiffs take nothing on their claims against Defendants.

It is further ORDERED, ADJUDGED AND DECREED that Defendants are each awarded all costs of court. All writs and process for the enforcement and collection of this Final Judgment or the costs of court may issue as necessary.

It is further ORDERED, ADJUDGED AND DECREED that all relief not expressly awarded in this Final Judgment is denied. This Final Judgment finally disposes of all claims and all parties and is appealable.

SIGNED this 17th day of April, 2015.


_____
ROBERT K. SCHAFFER
PRESIDING JUDGE

3

P-14

CAUSE NO. 2014-44974

JARED WOODFILL, STEVEN F.        §        IN THE DISTRICT COURT OF
HOTZE, MD, F. N. WILLIAMS, SR.,   §
and MAX MILLER                    §
                                  §
v.                                §        HARRIS COUNTY, TEXAS
                                  §
ANNISE D. PARKER, MAYOR;          §
ANNA RUSSELL, CITY                §        **FILED**
SECRETARY; and CITY HOUSTON       §        JUDICIAL DISTRICT
                                           Chris Daniel
                                           District Clerk
            CHARGE OF COURT                FEB 13 2015
                                           Time:_____
MEMBERS OF THE JURY:                       Harris County, Texas
                                           By_____
                                                  Deputy

     After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

     Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your cell phone or any other electronic device during your deliberations for any reason.

     Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

     After you complete your deliberations, the bailiff will collect your notes. When you are released from jury service, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions:

     1.     Do not let bias, prejudice or sympathy play any part in your decision.

     2.     Base your answers only on what was presented in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not presented in the courtroom.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging


Ex. A

3.  You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.  If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.  All the questions and answers are important. No one should say that any question or answer is not important.

6.  Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7.  Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.  Do not answer questions by drawing straws or by any method of chance.

9.  Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10.  Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11.  The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

# QUESTION 1

Which, if any, of the following Circulators signed and subscribed the circulator's oath in the Referendum Petition?

"Signed" means its plain and ordinary meaning.

"Subscribed" means to sign one's own name beneath at the end of an instrument.

Answer "Yes" or "No" next to the name of each Circulator.

| | | |
|------|---------------------------------------|-----|
| 1.1  | Tori Albarqauie:                      | No  |
| 1.2  | Phillip Bryant:                       | No  |
| 1.3  | Eric "Tex" Christopher:               | Yes |
| 1.4  | Monica Duplechain:                    | No  |
| 1.5  | Robert Hall:                          | Yes |
| 1.6  | Laura Ingle:                          | Yes |
| 1.7  | Wanda Jacobs:                         | No  |
| 1.8  | Victor Lawrence:                      | Yes |
| 1.9  | Cynthia Payton:                       | No  |
| 1.10 | Sylvia Simms:                         | No  |
| 1.11 | Laura Tucker:                         | No  |
| 1.12 | Lenoir Walker:                        | No  |
| 1.13 | Margo Womac:                          | No  |
| 1.14 | Graciela Zepeda:                      | No  |
| 1.15 | Katherine Ballard-Blueford Daniels:   | No  |
| 1.16 | Lula Wilson:                          | No  |
| 1.17 | Angela Knight:                        | No  |
| 1.18 | Beverly Goodwin:                      | No  |
| 1.19 | Molly Marks:                          | No  |

| | | |
|---|---|---|
| 1.20 | Alma Diaz: | No |
| 1.21 | Thomas Whitehead: | No |
| 1.22 | Jan Fox: | No |
| 1.23 | Robert Laurport: | No |
| 1.24 | Marietta Pekmezaris: | No |
| 1.25 | Cesar Diaz: | No |
| 1.26 | Paul Pinette: | No |
| 1.27 | Nancy Drusher: | No |
| 1.28 | Shellie LeXori: | No |
| 1.29 | Sylvia Zuniga: | YES |
| 1.30 | Joe Durrett: | No |
| 1.31 | Jane Cornelson: | No |
| 1.32 | Carolyn Williams: | YES |
| 1.33 | Catherine Cagle: | |
| 1.34 | Mike Holsey: | YES |
| 1.35 | Judith Tripp: | YES |
| 1.36 | Christine Kasper: | No |
| 1.37 | Stephanie McHugh: | YES |
| 1.38 | Virgie Manning: | No |
| 1.39 | Misty Freeman: | No |
| 1.40 | Allison McMillan: | No |
| 1.41 | Jerry Mouders: | No |
| 1.42 | Margaret Thompson: | YES |
| 1.43 | Bessie Jenkins: | YES |
| 1.44 | Stephanie Hart: | YES |

| | | |
|---|---|---|
| 1.45 | Elizabeth Gill: | YES |
| 1.46 | Fount Freeman: | YES |
| 1.47 | Karen Daugherty: | YES |
| 1.48 | Alison Hogan: | NO |
| 1.49 | Sue Stewart: | No |
| 1.50 | Jean A. Dominy: | No |
| 1.51 | L.S. Lockler: | No |
| 1.52 | Miriam Fields: | No |
| 1.53 | William Hinson: | YES |
| 1.54 | John Burns: | YES |
| 1.55 | Ron Dominy: | YES |
| 1.56 | John Flato: | YES |
| 1.57 | W.F. Borgsteadt: | No |
| 1.58 | Marcia Peters: | YES |
| 1.59 | Jill Spero: | YES |
| 1.60 | Gabriele Duncan: | YES |
| 1.61 | Thomas Suffield: | YES |
| 1.62 | David Maldonado: | YES |
| 1.63 | Cynthia Resendez: | YES |
| 1.64 | Kendall Baker: | YES |
| 1.65 | Sherry Hart: | YES |
| 1.66 | Frank Dillard: | No |
| 1.67 | Olin Pennington: | No |
| 1.68 | Dennis Schepps: | No |
| 1.69 | Cynthia Niccum: | No |

| | | |
|---|---|---|
| 1.70 | Gerardo Landis: | No |
| 1.71 | Patrick Kearns: | No |
| 1.72 | Marianne Kahlich: | No |
| 1.73 | Janice Gregory: | No |
| 1.74 | Lisa McGinness: | No |
| 1.75 | Eva Noel: | No |
| 1.76 | S. Johnson: | Yes |
| 1.77 | Craig Ford: | Yes |
| 1.78 | Vincent Powell: | Yes |
| 1.79 | Sandra Flores: | Yes |
| 1.80 | Max Miller: | No |
| 1.81 | Jared Woodfill: | No |
| 1.82 | Pervis Hall: | No |
| 1.83 | Melissa Madrid: | No |
| 1.84 | Diane Bagby: | No |
| 1.85 | Willie Davis: | No |
| 1.86 | Donald Echols: | No |
| 1.87 | Efrain Ruiz, Jr.: | No |
| 1.88 | Sally Biestek: | No |
| 1.89 | Doris Wright: | No |
| 1.90 | Edwin Garcia: | No |
| 1.91 | Jennifer Heard: | No |
| 1.92 | Bonnie Parker: | Yes |
| 1.93 | Mike Branson: | Yes |
| 1.94 | Neal Krenzke: | No |

| | | |
|---|---|---|
| 1.95 | Cynthia Alexander: | No |
| 1.96 | Steve Riggle: | No |
| 1.97 | Rachele Riggle: | No |
| 1.98 | Deborah Anderson: | No |

## QUESTION 2

Do you find sufficient information was reasonably ascertainable elsewhere in the Referendum Petition to allow the identification of Sylvia Simms as a circulator of the Referendum Petition?

The use of ditto marks or abbreviations does not invalidate a signature if the required information is reasonably ascertainable.

"Reasonably ascertainable" means something one would discover upon exercise of reasonable diligence under the circumstances.

Answer "Yes" or "No."

Answer: _____ yes _____

## QUESTION 3

Do you find that the pages of the Referendum Petition submitted by the following petition circulators include fraud?

"Fraud" means a knowing misrepresentation of the truth or concealment of a material fact to induce another to act.

Answer "Yes" or "No" next to the name of each following Circulators.

| | | |
|---|---|---|
| 3.1 | Tori Albarqauie: | No |
| 3.2 | Jose Chagolla: | No |
| 3.3 | Eric "Tex" Christopher: | No |
| 3.4 | Cedric Dora: | No |
| 3.5 | Monica Duplechain: | No |
| 3.6 | Sandra Flores: | No |
| 3.7 | Steve Ibarra: | No |
| 3.8 | Pervis Hall: | No |
| 3.9 | Wanda Jacobs: | No |
| 3.10 | Cynthia Payton: | No |
| 3.11 | Vincent Powell: | No |
| 3.12 | Murray Williams: | No |
| 3.13 | Lula Wilson: | No |

## QUESTION 4

Do you find that the pages of the Referendum Petition submitted by the following petition circulators include forgery?

"Forgery" means the signing of another's name, or of a false or fictitious name, to a petition.

Answer "Yes" or "No" next to the name of each of the following Circulators.

| | | |
|---|---|---|
| 4.1 | Tori Albarqauie: | Yes |
| 4.2 | Jose Chagolla: | No |
| 4.3 | Eric "Tex" Christopher: | Yes |
| 4.4 | Cedric Dora: | Yes |
| 4.5 | Monica Duplechain: | Yes |
| 4.6 | Sandra Flores: | Yes |
| 4.7 | Steve Ibarra: | Yes |
| 4.8 | Pervis Hall: | Yes |
| 4.9 | Wanda Jacobs: | Yes |
| 4.10 | Cynthia Payton: | Yes |
| 4.11 | Vincent Powell: | Yes |
| 4.12 | Murray Williams: | Yes |
| 4.13 | Lula Wilson: | Yes |

## QUESTION 5

Do you find that the pages of the Referendum Petition submitted by the following petition circulators include non-accidental defects?

Answer "Yes" or "No" next to the name of each of the following Circulators.

| | | |
|---|---|---|
| 5.1 | Tori Albarqauie: | No |
| 5.2 | Phillip Bryant | Yes |
| 5.3 | Jose Chagolla: | Yes |
| 5.4 | Eric "Tex" Christopher: | Yes |
| 5.5 | Cedric Dora: | No |
| 5.6 | Monica Duplechain: | No |
| 5.7 | Sandra Flores: | No |
| 5.8 | Steve Ibarra: | Yes |
| 5.9 | Pervis Hall: | No |
| 5.10 | Wanda Jacobs: | No |
| 5.11 | Cynthia Payton: | No |
| 5.12 | Vincent Powell: | Yes |
| 5.13 | Sylvia Simms | No |
| 5.14 | Lenoir Walker | No |
| 5.15 | Murray Williams: | Yes |
| 5.16 | Lula Wilson: | No |

## QUESTION 6

For each of the following petition circulators, do you find that his or her circulator's affidavit oaths are true and correct?

Answer "Yes" or "No" next to the name of each of the following Circulators.

| | | |
|------|------------------------|-----|
| 6.1 | Tori Albarqauie: | No |
| 6.2 | Jose Chagolla: | Yes |
| 6.3 | Eric "Tex" Christopher: | No |
| 6.4 | Cedric Dora: | No |
| 6.5 | Monica Duplechain: | No |
| 6.6 | Sandra Flores: | No |
| 6.7 | Steve Ibarra: | No |
| 6.8 | Pervis Hall: | No |
| 6.9 | Wanda Jacobs: | No |
| 6.10 | Cynthia Payton: | No |
| 6.11 | Vincent Powell: | No |
| 6.12 | Murray Williams: | No |
| 6.13 | Lula Wilson: | No |

Presiding Juror:

   1.     When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

   2.     The presiding juror has these duties:

      a.     have the complete charge read aloud if it will be helpful to your deliberations;

      b.     preside over your deliberations meaning manage the discussions, and see that you follow these instructions;

      c.     give written questions or comments to the bailiff who will give them to the judge;

      d.     write down the answers you agree on;

      e.     get the signatures for the verdict certificate; and

      f.     notify the bailiff that you have reached a verdict.

   Do you understand the duties of the presiding juror? If you do not, please tell me now.

Instructions for Signing the Verdict Certificate:

   1.     You may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

   2.     If 10 jurors agree on every answer, those 10 jurors sign the verdict. If 11 jurors agree on every answer, those 11 jurors sign the verdict. If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

   3.     All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 who agree on every answer will sign the verdict.

   Do you understand these instructions? If you do not, please tell me now.

_____
Presiding Judge

## Verdict Certificate

Check one:

_____ Our verdict is unanimous. All 12 of us have agreed to each and every answer. The presiding juror has signed the certificate for all 12 of us.

_____      _____
Signature of Presiding Juror      Printed Name of Presiding Juror

_____ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

__✓__ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

| | SIGNATURE | NAME PRINTED |
|---|---|---|
| 1. | *[signature]* | Anna Emerson |
| 2. | *[signature]* | William F. Aspinwall |
| 3. | *[signature]* | Lawrence P Bockhahn |
| 4. | *[signature]* | ALBERT LEE TAYLOR |
| 5. | *[signature]* | Jamie Granados |
| 6. | *[signature]* | Kimberly C. Jones |
| 7. | *[signature]* | CARLOS CASTRO |
| 8. | *[signature]* | ROBERT JEFFERIES |
| 9. | *[signature]* | GLADYS KENNEDY |
| 10. | *[signature]* | Rebecca Vickers |
| 11. | | |

CAUSE NO. 2014-44974

| JARED WOODFILL, STEVEN F. | § | IN THE DISTRICT COURT OF |
| HOTZE, MD, F. N. WILLIAMS, SR., | § | |
| and MAX MILLER | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANNISE D. PARKER, MAYOR; | § | |
| ANNA RUSSELL, CITY | § | |
| SECRETARY; and CITY HOUSTON | § | 152nd JUDICIAL DISTRICT |

**FILED**
Chris Daniel
District Clerk

**FEB 20 2015**

Time:_____

Harris County, Texas

By_____
Deputy

ORDER

On this date the Court makes the following rulings regarding the counting of valid signatures on the petitions that were the subject of this lawsuit.

The Court orders the following:

(a)  Regarding issues related to whether the petition circulators' oaths were signed and subscribed:

   (1)  Where the name was printed on the line within the oath and signed:

      (A)  if the signature was above the oath, the signature shall be valid;

      (B)  if the signature was below the oath, the signature shall be valid;

      (C)  if the signature was anywhere else around the oath, the signature shall be valid.

   (2)  If there is only a legible signature on the line within the oath, the signature is valid.

   (3)  If there is only a printed name on the line within the oath, the signature is valid.

   (4)  If there is only an illegible signature on the line within the oath, the signature is invalid.

Ex. B

(5)  If there is a signature on the line within the oath and a printed name anywhere around the oath, the signature is valid.

(b)  Regarding Question 2, the Court disregards the jury's answer to Question 2 because the Court finds that it is the duty of the party submitting the petitions to identify the circulators instead of that duty being placed on the City of Houston to go through 5,199 petitions to identify the circulator in question.

(c)  Regarding Question 4, where the evidence indicates that the same person signed his or her own name and then the name of another person or persons, none of those signatures shall be valid because the court cannot determine from the evidence the identity of the person who actually signed the petition.

(d)  Regarding Question 6, notwithstanding any of the above rulings, since the jury found that the following circulators' affidavit oaths were not true and correct, the signatures on the following circulators' petitions which are determined to not be true or correct are invalid:

Tori Albarqauie, Eric "Tex" Christopher, Cedric Dora, Monica Duplechain, Sandra Flores, Steve Ibarra, Pervis Hall, Wanda Jacobs, Cynthia Payton, Vincent Powell, Murray Williams and Lula Wilson.

(e)  Regarding the petitions of circulators who either did not sign the petition or whose signature was invalidated, the signatures on those petitions shall not be valid.

Signed  **FEB 2 0 2015**

Robert K. Schaffer
Presiding Judge

CAUSE NO. 2014-44974

| | | |
|---|---|---|
| JARED WOODFILL, ET. AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ANNISE D. PARKER, MAYOR, ET. AL. | § | 152nd JUDICIAL **FILED** DISTRICT |
| | § | |

Chris Daniel
District Clerk

**AMENDED ORDER GRANTING DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

FEB 05 2015

Time:_____

Harris County, Texas

Having considered the Defendants' Motion for Partial Summary Judgment, the Court

By:_____
Deputy

GRANTS the Defendants' motion.

The Court ORDERS that the following must be excluded:

• Pages where the circulator's affidavit was not notarized.

• Pages where the circulator notarized his or her own affidavit.

• Pages where the circulator's name is illegible.

• ~~Pages on which a circulator did not sign the oath.~~

• ~~Pages where the circulator did not properly subscribe the oath.~~

• ~~Pages certified by circulators who did not validly sign the petition.~~

• Signatures that were crossed-out ~~or withdrawn~~ before the petition was submitted cannot be counted as legally valid signatures under Texas Election Code §277.0022(a).

• Signatures that pre-date June 3, 2014, the first day people lawfully could sign the petition under the City Charter.

• Signatures added after the circulator signed the verification.

• Signatures of the same person that appear more than once.

SIGNED February 4, 2015.

_____
Judge Robert Schaffer

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Ex. C

  

R. Jackson 24

3. 530

(2)

TO THE MAYOR AND CITY COUNCIL OF THE CITY OF HOUSTON: 002305

We, the undersigned hereto, who are qualified voters of the City of Houston, request that the City of Houston City Council's enactment of Ordinance No. 2014-530, otherwise known as the 'Equal Rights Ordinance', be repealed in its entirety."

SIGNERS MUST BE REGISTERED TO VOTE AND ELIGIBLE TO VOTE FOR MAYOR OF HOUSTON; PLEASE PRINT AND COMPLETE ALL INFORMATION AS SHOWN ON YOUR VOTER ID

| VOTER CERT. # | | FIRST | I | LAST | STREET NUMBER AND NAME | ZIP | SIGNATURE | DATE |
|---|---|---|---|---|---|---|---|---|
| 6077568 | | Angela | | Corbin | 17534 Sandy CL. FL | 77069 | | 6/15/14 |
| 324443426 | | Elenor | | Fillard | 4522 Sylvanfield #80 | 77014 | | 6/15/14 |
| 420728 | | Dana | | Sylvester | 2422 Little Forest CT. | 77373 | Dana Sylvester | 6/15/14 |
| 6879858 | | Henrietta | | Cobb | 16755 Ella Blvd #165 | 77090 | Henrietta Cobb | 6/15/14 |
| | | Krishawna | | Vaughn | 6435 | | | / / |
| 70115035 | | Robert | | Ferguson | 18926 Rustling Ridge | 77377 | Robert Ferguson | 6/10/14 |
| 1105545834 | | Claudette | | Weems | 6101 Antoine #434 | 77091 | Claudette Weems | 6/15/14 |
| 5122 0234 | | Stephen | | Benton | 7250 Foxshadows Ln | 77338 | Stephen Benton | 6/15/14 |
| 6520731 | | Jamal | | Orr | 79 Deveron Ln. | 77090 | Houston, TX | 6/15/14 |
| 6933701 | | Brenda | | Porter | 16442 Noble Meadow | 77073 | Houston, TX | 6/15/14 |
| 16594 | | Sharon | | Wilson | 5300 DeSoto Dr. #1615 | 77091 | Sharon | 6/15/14 |
| 465352496 | | Jasmine | D. | Sheppard | 17610 Cali Dr. #582 | 77090 | Jasmine | 6/15/14 |
| 5627179 | W | Clyde | W | Sheppard | 17610 Cali Dr. #582 | 77090 | | 06/15/14 |
| 2154729 | | Jacqueline | | Phillips | 11358 Walnut Meadow | 77066 | Jacqueline Phillips | 06/15/14 |
| 55624852 | | Jamelle | | Gibbs | 6019 Yorktown Meadow Lane | 77084 | Jamelle | 6/15/204 |

(14)

§ STATE OF TEXAS

§ COUNTY OF HARRIS

I, _____Phillip Bryant_____ being first duly sworn on oath depose and say: that I am one of the signers of the above petition, that the statements made therein are true, and that each signature appearing thereto was made in my presence on the day and date it purports to have been made, and I solemnly swear that the same is a genuine signature of the person whose name it purports to be.

Sworn to and subscribed before me this ___02___ day of ___07___, 2014. Notary Public, State of Texas _____

DIANA D. WATERS
Notary Public, State of Texas
My Commission Expires
April 01, 2018

002305